# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2780

_____

Charles Scholl,                                        *
                                                       *
            Appellant,                                 *
                                                       *    Appeal from the United States
      v.                                               *    District Court for the
                                                       *    District of South Dakota.
William A. Delaney, III, Contractor;                   *
Steve Lee, Deputy Warden; Douglas                      *        [UNPUBLISHED]
Weber, Warden, SD State Penitentiary;                  *
Jeff Bloomberg, Secretary of the                       *
Department of Corrections; William                     *
Janklow, Governor, State of South                      *
Dakota,                                                *
                                                       *
            Appellees.                                 *

_____

Submitted: August 4, 2000
Filed: August 9, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
      Judges.

_____

PER CURIAM.

      As relevant to this appeal, Charles Scholl, a South Dakota inmate, brought this
42 U.S.C. § 1983 suit alleging denial of access to the courts based on closure of his
prison's law library in favor of providing contract attorneys to assist inmates with their

legal needs. The District Court[1] granted summary judgment to defendants on Scholl's individual-capacity claims for damages, finding they were entitled to qualified immunity. The parties later settled his related official-capacity claims, and he preserved for appeal the Court's qualified-immunity ruling. Having carefully reviewed the record and the parties' briefs, see Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999) (standard of review), we affirm.

We find it was objectively reasonable for defendants to believe Scholl was not denied access to the courts by expecting him to cooperate with the contract attorney assigned to assist him, and by declining to provide him further legal assistance after he filed a bar complaint against the contract attorney who in fact had been attempting to assist him. See Walden v. Carmack, 156 F.3d 861, 869 (8th Cir. 1998) (in determining whether qualified immunity applies, objective reasonableness of defendants' actions must be assessed in light of clearly established law when action occurred); cf. Lewis v. Casey, 518 U.S. 343, 356 (1996) ("[W]e leave it to prison officials to determine how best to ensure that inmates with language problems have a *reasonably adequate opportunity* to file nonfrivolous legal claims challenging their convictions or conditions of confinement.") (emphasis added).

Accordingly, we affirm.

---

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.